1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN J. FADER,

                    Plaintiff,

    v.

YOUNG K. SHIN et al.,

                   Defendants.

Case No. 3:21-cv-05059-TSZ-TLF

ORDER TO SHOW CAUSE OR
AMEND THE COMPLAINT

This matter is before the Court on plaintiff's filing of a civil rights complaint.

Plaintiff has been granted *in forma pauperis* status in this matter and is proceeding *pro

se*. Considering deficiencies in the complaint discussed below, however, the

undersigned will not direct service of the complaint at this time. On or before February

26, 2021, plaintiff must either show cause why the claims against defendant Travis

Davis should not be dismissed or file an amended complaint.

DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis*

"at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b)

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

1   "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief

2   against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C.

3   § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact.

4   *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

5      Before the Court may dismiss the complaint as frivolous or for failure to state a

6   claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her

7   complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v.*

8   *Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co.,*

9   *Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir.

10   1987). On the other hand, leave to amend need not be granted "where the amendment

11   would be futile or where the amended complaint would be subject to dismissal." *Saul v.*

12   *United States*, 928 F.2d 829, 843 (9th Cir. 1991).

13      To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the

14   conduct complained of was committed by a person acting under color of state law, and

15   (2) the conduct deprived a person of a right, privilege, or immunity secured by the

16   Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

17   Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these

18   elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). To

19   meet this standard, plaintiff must allege that he suffered a specific injury as a result of

20   the conduct of a particular defendant, and he must allege an affirmative link between

21   the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377

22   (1976).

23

24

25

Plaintiff alleges violation of his Eighth Amendment right to adequate medical care while confined in the Grays Harbor County Jail. Dkt. 4 at 3–6. Plaintiff alleges that the doctor at the jail, identified in the complaint as defendant Young K. Shin M.D., failed to properly treat an infection in plaintiff's leg and improperly delayed sending plaintiff to the hospital for treatment. *Id.*

These allegations explain the alleged actions of Dr. Shin sufficiently to pass the Court's screening. However, the proposed complaint contains no allegations whatever regarding any act or omission of Travis Davis, the second defendant named in the complaint. To properly state a claim against defendant Davis, plaintiff must set forth specific facts alleging that Mr. Davis personally participated in specific conduct that violated plaintiff's constitutional rights. A § 1983 action may not be brought against a supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. See *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). To state a claim against any individual defendant, plaintiff must allege facts showing that the individual defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied*, 525 U.S. 1154 (1999).

Because the proposed complaint is defective in failing to allege any conduct by defendant Travis Davis, the Court declines to serve it. However, the Court grants plaintiff leave to amend the complaint to correct this deficiency. Plaintiff must file an amended complaint that explains exactly what defendant Davis did or failed to do and how the actions violated plaintiff's constitutional rights and caused him harm. Alternatively, plaintiff may voluntarily withdraw his claims against defendant Davis and

1
2
3
proceed only against Dr. Shin. The Court notes that Plaintiff's claims against defendant Dr. Shin are not deficient; he may include them in his amended complaint without further revision.

CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his claims against defendant Davis should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before February 26, 2021**. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be

precluded from bringing any other civil action or appeal *in forma pauperis*, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 26th day of January, 2021.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 5