UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN J. FADER,

                Plaintiff,

   v.

YOUNG K. SHIN,

                Defendant.

Case No. 3:21-cv-05059-TSZ-TLF

REPORT AND RECOMMENDATION

Noted for August 6, 2021

This matter comes before the Court on Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Dkt. 12. Plaintiff, proceeding *pro se*, brings this action under 42 U.S.C. § 1983 alleging that defendant, violated plaintiff's rights by providing inadequate medical care.

For the reasons set forth below, the Court should GRANT defendant's motion to dismiss pursuant to FRCP 12(b)(6). The undersigned recommends the Court dismiss plaintiff's cause of action with leave to amend.

**Facts**

The facts as described are alleged in the complaint and are assumed to be true only for the purposes of reviewing this motion. *Cedar Point Nursery v. Shiroma*, 923 F.3d 524, 530 (9th Cir. 2019).

REPORT AND RECOMMENDATION - 1

In July 2019, the plaintiff's right leg was infected, resulting in significant pain, including severe discomfort while walking. Dkt. 6 at 5. The complaint does not clarify if the infection began before or during the time the plaintiff was incarcerated.

When the plaintiff was incarcerated, he received medical treatment from the defendant at the jail's medical facilities. Dkt 6 at 5, 6. The complaint does not clarify if plaintiff was a pretrial detainee or convicted prisoner when he received medical care from defendant, nor does it specify in which jail or facility plaintiff was incarcerated[1].

Defendant gave plaintiff medicine as part of a course of treatment for the infection Dkt. 6 at 6. The type, name, or exact purpose of medication is not included in the complaint. Dkt 6 at 6. At the outset of treatment, plaintiff requested to be taken to a hospital in the city of Aberdeen, Washington, however, defendant continued to treat plaintiff at the jail. Dkt. 6 at 5, 6. While being treated by defendant, plaintiff's infection did not improve. Dkt. 6 at 6.

After more than one week of attempting to treat plaintiff at the jail, defendant became worried about plaintiff's condition and directed him to a hospital in Aberdeen for continued care. Dkt. 6 at 5. Plaintiff spent four days at the hospital in Aberdeen where he received additional treatment and his infection improved. Dkt. 6 at 5, 6.

However, the infection led to lingering impacts on the leg, and the plaintiff's right leg is not "the same as before." Dkt. 6 at 5.

---

[1] The word "jail" will be used through the Report and Recommendation because "jail" is used consistently in the Complaint to describe the incarceration facility.

REPORT AND RECOMMENDATION - 2

**Standard**

To survive a 12(b)(6) motion a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft,* 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A claim is plausible on its face if the pleaded facts allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678. When evaluating a 12(b)(6) motion, the court may only consider the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Cedar Point Nursery*, 923 F.3d at 530.

When a plaintiff appears *pro se* in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988). However, this lenient standard does not excuse a *pro se* litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

42 U.S.C. § 1983 "affords a 'civil remedy' for deprivation of federally protected rights caused by persons acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986). To state a claim under Section 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Id.* Section 1983 is the appropriate avenue to remedy an

alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff must set forth the specific factual basis upon which the plaintiff claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1982). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

## Analysis

Plaintiff does not specify if, at the time the allegedly inadequate medical care was provided, he was a pretrial detainee or convicted prisoner. As a result, it is unclear if his claim arises under the Eighth or Fourteenth Amendment. Under either standard, the complaint fails to state a claim.

## Fourteenth Amendment

Inadequate medical care claims by pretrial detainees are evaluated under an "objective deliberate indifference standard" that does not require proof of the prison official's actual awareness of a risk to the detainee. *Gordon v. Cty. Of Orange,* 888 F.3d 1118, 1124-1125, 1125 n. 4 (9th Cir. 2018). The elements of a pretrial detainee's medical care claim are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of Los Angeles,* 833 F.3d 1060, 1071 (9th Cir. 2016).

To prove the third element, the plaintiff must show the defendant's conduct is objectively unreasonable, which will require consideration of the facts unique to each circumstance. *Castro*, 833 F.3d at 1071. However, "mere lack of due care" by a defendant is insufficient to establish liability. *Gordon*, 888 F.3d at 1125 (quoting *Castro*, 833 F.3d at 1071). Rather, the detainee must "prove more than negligence," although "less than subjective intent" i.e., "something akin to reckless disregard." *Gordon*, 888 F.3d at 1125. Additionally, mere negligence or medical malpractice are insufficient to establish deliberate indifference. *Edmo v. Corizon, Inc.*, 949 F.3d 489, 495 (9th Cir. 2020). Further, a difference of opinion between a physician and a prisoner, regarding the appropriate course of treatment does not amount to deliberate indifference. *Id.*

The Plaintiff's allegations, if taken as true, would support an allegation that the defendant misdiagnosed the plaintiff's leg infection, initiated an ineffective treatment plan, or both. The plaintiff's complaint also asserts that he received medication from the defendant at the jail and the defendant referred him to a hospital after his condition worsened. Dkt 6 at 5,6.

Plaintiff's allegations do not assert plausible facts to support the third element of the *Castro* medical care claim requirements. Specifically, plaintiff does not allege facts to show that defendant "did not take reasonable available measures to abate" the risk of the plaintiff's infection. Plaintiff alleges he should have been sent to the hospital sooner and the treatment provided at the jail was ineffective, but the complaint does not factually support an assertion that the defendant's treatment or medical decisions were unreasonable. These allegations are sufficient to show objective deliberate indifference. *Edmo*, 949 F.3d at 495. Additionally, the plaintiff does not allege a factual basis for

REPORT AND RECOMMENDATION - 5

1  showing the defendant exhibited a "reckless disregard," as required by *Castro*.833 F.3d
2  at 1071.
3     Based on the foregoing discussion, plaintiff's complaint does not state a claim
4  under Section 1983 for a violation of Fourteenth Amendment rights.

### Eighth Amendment

6     To state an Eight Amendment claim based on prison medical treatment the
7  plaintiff must demonstrate deliberate indifference to his serious medical needs. *Jett v.*
8  *Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A determination of deliberate indifference
9  involves an examination of two elements: (1) the seriousness of the prisoner's medical
10 need and (2) the nature of the defendant's response to that need. *McGuckin v. Smith*,
11 974 F.2d 1050, 1059 (9th Cir. 1992). An official is deliberately indifferent to a serious
12 medical need if the official "knows of and disregards an excessive risk to inmate health
13 or safety". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Like a Fourteenth Amendment
14 medical mistreatment claim, an allegation that a physician has been negligent in
15 diagnosing or treating a prisoner is not sufficient for a valid Eighth Amendment claim.
16 *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Similarly, a mere difference of opinion
17 between the defendant and plaintiff regarding the appropriate course of treatment is
18 insufficient to establish an Eight Amendment violation. *Edmo*, 949 F.3d at 495.
19    The plaintiff's allegations, if taken as true, would plausibly allege the defendant
20 misdiagnosed the plaintiff's leg infection, initiated an ineffective treatment plan, or both.
21 Plaintiff's complaint also asserts that he received medication from the defendant at the
22 jail and the defendant referred him to a hospital after his condition worsened. Dkt 6 at
23 5,6.

REPORT AND RECOMMENDATION - 6

The actions by the defendant, as alleged by the plaintiff, do not show a deliberate indifference to the medical needs of the plaintiff. The complaint confirms the plaintiff was treated by the defendant, even if the defendant's treatment was ultimately ineffective. An inadvertent failure to provide adequate medical care is insufficient for a valid claim of medical mistreatment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976).

Therefore, the complaint does not state a claim under Section 1983 for a violation of Eighth Amendment rights.

### Leave to Amend

When a pro se litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). However, the Court may deny leave to amend when amendment would be futile, or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

While plaintiff's complaint fails to allege sufficient facts to state a cognizable Section 1983 claim, it does not appear that amendment would be futile in this action. Accordingly, the undersigned recommends that the Court grant plaintiff leave to amend.

### CONCLUSION

Based on the foregoing, the undersigned recommends that the Court GRANT defendant's motion to dismiss for failure to state a claim, without prejudice and with leave to amend.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule

REPORT AND RECOMMENDATION - 7

of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2). Accommodating the above time limit, the Clerk shall set this matter for consideration on **August 6, 2021**, as noted in the caption.

Dated this 21st day of July, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge